FELIPA R. RICHLAND, SBN 112458
**RICHLAND & ASSOCIATES**
499 North Cañon Drive, 3rd Floor
Beverly Hills, CA 90210
(310) 887-7067 - Telephone
(310) 887-7068 - Facsimile
felipa@richlandlaw.net

Attorneys for Plaintiff,
GIANNI VERSACE, S.p.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.p.A., a Foreign Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>RAFAEL HANUKASHVILI, an Individual, *aka* Han Hanukashvili, **MONDO NEW LINE, Inc.**, a New York Corporation, **MONDO NEW LINE BOUTIQUE, Inc.**, a New York Corporation, **MONDO NEW LINE BOUTIQUE II, Inc.**, a New York Corporation, collectively **dba** *Mondo New Line and RN# 103050*, and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO.: CV 06 - 3529 PJW<br><br>**FINAL JUDGMENT UPON CONSENT; PERMANENT INJUNCTION; AND ~~PROPOSED~~ ORDER THEREON RE DEFENDANT**<br><br>**MONDO NEW LINE, Inc.**<br><br><br>COMPLAINT FILED: JUNE 7, 2006<br>TRIAL DATE: VACATED |

Plaintiff, GIANNI VERSACE, S.p.A., a Foreign Corporation ("VERSACE") and Defendant **MONDO NEW LINE, Inc.**, a New York Corporation, hereby stipulate and consent to the following Consent Judgment:

**WHEREAS**, the parties have agreed to the entry of the following findings of fact and conclusions of law finally disposing of Counts I, II and III of the Complaint asserted by VERSACE, it is hereby ordered, adjudged and decreed that:

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

CONSENT JUDGMENT                      1 of 7

1  **WHEREAS**, MONDO NEW LINE, Inc., a New York Corporation, adopted and began using trademarks in the United States which infringe or otherwise violate VERSACE's registered trademark(s) commonly referred to as the 'MEDUSA' (and hereafter referred to as the "VERSACE TRADEMARKS") as identified in VERSACE's Complaint;

**WHEREAS**, MONDO NEW LINE, Inc.'s, use of marks which incorporate one or more of the VERSACE TRADEMARKS, is likely to cause confusion as to source or origin;

**WHEREAS**, MONDO NEW LINE, Inc., sold and/or offered for sale merchandise bearing marks which incorporate one or more of the VERSACE TRADEMARKS;

**WHEREAS**, MONDO NEW LINE, Inc.'s use of marks which incorporate one or more of the VERSACE TRADEMARKS, traded on the good will and reputation of VERSACE;

**WHEREAS**, based upon VERSACE's good faith prior use of the VERSACE TRADEMARKS, VERSACE has superior and exclusive rights in and to the VERSACE TRADEMARKS in the United States and any confusingly similar marks;

**WHEREAS**, the VERSACE TRADEMARKS registered, at issue in this matter, and on file with the United States Patent and Trademark Office are famous and distinctive;

**WHEREAS**, the VERSACE TRADEMARKS registered, at issue in this matter, and on file with the United States Patent and Trademark Office are incontestable; and

**WHEREAS**, this Court has jurisdiction over the party to this action and over the subject matter hereof pursuant to 15 USC 1121(a) and 28 USC 1331, 1338(a) and (b), and 28 USC 1367,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant MONDO NEW LINE, Inc., violated the Federal Lanham Act as alleged in Count I -TRADEMARK INFRINGEMENT (15USC § 1114(1)).

2. Defendants RAFAEL HANUKASHVILI and MONDO NEW LINE, Inc., its parents, subsidiaries, related entities, divisions, officers, owners, shareholders, employees, affiliates, servants, representatives, agents, predecessors, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under its direction and control

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

or in active concert or participation with it, are immediately and permanently enjoined throughout the world from directly or indirectly infringing, counterfeiting, or diluting the VERSACE TRADEMARKS or any marks similar thereto, as identified in Exhibit A of the Complaint and those on Registry with the United States Patent & Trademark Office www.uspto.gov, (hereafter referred to as the 'GIANNI VERSACE trademarks') in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes said trademarks and specifically from:

(A) Imitating, copying or making unauthorized use of any or all of the GIANNI VERSACE trademarks or trade dress;

(B) Importing, manufacturing, producing, possessing, distributing, circulating, advertising, promoting, displaying, selling, and/or offering for sale, any non-genuine product bearing any simulation, reproduction, counterfeit, copy, phonetically similar sounding words, or colorable imitation or reproduces, or utilizes the likenesses of or which copy or are likely to cause consumer confusion with any of the GIANNI VERSACE trademarks or trade dress;

(C) Manufacturing, distributing, selling or offering for sale or in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce or utilize the likenesses of, or which are likely to cause consumer confusion with any of the GIANNI VERSACE trademarks;

(D) Using any false designation of origin, false description, including words, symbols or any trademark, trade name, trade dress, logo or design tending to falsely describe or represent, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers, or members of the public, that unauthorized merchandise manufactured, distributed, advertised, sold and/or offered for sale by Defendant

RICHLAND & ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

originate from VERSACE, or that said merchandise has been sponsored, authorized, endorsed, approved, licensed by, associated, or is in any way connected or affiliated with VERSACE;

(E) Transferring, consigning, selling, shipping or otherwise moving any non-genuine VERSACE goods, packaging or other materials in the Defendant's possession, custody or control bearing a design, or mark substantially identical to or confusingly similar with or any or all of the GIANNI VERSACE trademarks or trade dress;

(F) Diluting and infringing the GIANNI VERSACE trademarks and damaging GIANNI VERSACE's goodwill, reputation and businesses;

(G) Otherwise unfairly competing (as defined under Cal. B&PC §17200) with GIANNI VERSACE, S.p.A., or its subsidiaries or affiliated companies;

(H) Passing off or selling any products which are not entirely genuine VERSACE products as and for VERSACE products, including products utilizing VERSACE labels, packaging or containers that have been in any way modified without the written permission of GIANNI VERSACE, S.p.A.;

(I) Applying to the United States Patent & Trademark Office for the registration of any trademark that is a colorable imitation of any or all of the GIANNI VERSACE trademarks, or confusingly similar mark, trade name, trade dress, logos or design;

(J) Using the VERSACE trademarks or any such reproduction, counterfeit, copy, or colorable imitation in connection with the manufacture, importation, distribution, advertising, publicity, sale and/or offering for sale, of any other merchandise not referred to above; and

(K) Instructing, assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

3. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the Settlement Agreement, this Judgment, the enforcement thereof and the punishment of any violations thereof.

4. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

5. Judgment is rendered in favor of GIANNI VERSACE S.p.A. and against MONDO NEW LINE, Inc., as to Count 1 - TRADEMARK INFRINGEMENT (15USC § 1114(1)), subject to the terms of the Settlement Agreement between the parties. All remaining counts against MONDO NEW LINE, Inc., MONDO NEW LINE BOUTIQUE, Inc., MONDO NEW LINE BOUTIQUE II, Inc. and RAFAEL HANUKASHVILI, are dismissed with prejudice. This Consent Judgment shall be conclusive for purposes of collateral estoppel regarding all issues of liability that have been or could have been brought on the same operative facts.

6. The parties respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

7. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Judgment and the Settlement Agreement between the parties, and will retain continuing jurisdiction over MONDO NEW LINE, Inc. and RAFAEL HANUKASHVILI.

8. All counterfeit and infringing VERSACE products currently in the possession, custody or control of MONDO NEW LINE, Inc., its parents, subsidiaries, related entities, divisions, officers, owners, shareholders, employees, affiliates, servants, representatives,

agents, predecessors, assigns and successors in interest of any kind, and all persons, firms, entities, or corporations under its direction and control or in active concert or participation with it, shall be turned over to counsel for Plaintiff and destroyed under the direction of VERSACE.

9. Nothing in this Judgment shall be construed or deemed an admission by the parties, nor is there a finding by this Court, that the conduct herein was intentional, deliberate, willful, malicious or fraudulent.

10. This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

**IT IS SO ORDERED.**

DATED: 10/5/10

_____
UNITED STATES DISTRICT MAGISTRATE JUDGE

APPROVED AS TO FORM AND CONTENT.

DATED: ~~January~~ 9.20, 2010                MONDO NEW LINE, Inc.

By: _____
RAFAEL HANUKASHVILI,
President/CEO

DATED: ~~January~~ 9.20, 2010                KARLIN & KARLIN

By: _____
MARC A. KARLIN,
Attorneys for Defendants
RAFAEL HANUKASHVILI
MONDO NEW LINE, Inc.
MONDO NEW LINE BOUTIQUE, INC.
MONDO NEW LINE BOUTIQUE II, INC.

DATED: January 9/27, 2010

RICHLAND & ASSOCIATES

By: _____
FELIPA R. RICHLAND,
Attorneys for Plaintiff
GIANNI VERSACE S.p.A.